UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

RANDY COHEN, ANDREAS COHRSSEN,
NICK GRAY, ABBY HAYWOOD, SHARON
KLIEGMAN, DAN KOHN, HANI
MANSOURIAN, MADELEINE MATSSON,
ROBERT RAKOWITZ, BRAEDEN
ROGERS, CHRIS SCARAFILE, SCOTT
TRUDEAU, *and* NOAH WILDMAN,

          *Plaintiffs*,

   -*against*-

The STATE OF NEW YORK, BARBARA
FIALA, NEIL SCHOEN, IDA TRASCHEN,
DEBBIE LANGEVIN *and* "JOHN DOE",

          *Defendants*.

------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-30-15

14 cv 7496 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiffs bring this 42 U.S.C. § 1983 ("Section 1983") class action claiming the New York State Department of Motor Vehicles ("DMV") overcharged them between $80 and $88 for bicycling violations and improperly added three penalty points to their New York State operator's licenses.[1]

The Defendants are the State of New York, which operates the DMV; Barbara Fiala, the DMV Commissioner; Neil Schoen and Ida Traschen, DMV lawyers; Debbie Langevin, the DMV's Director of Ticketing Systems; and "John Doe," a supervisor in the DMV's Plea Unit. Compl. ¶¶ 14–19. The individual Defendants are sued both in their official and personal capacity. *Id.* at ¶¶ 15–19.

---

[1] Plaintiff Kliegman resides in Wisconsin and does not have a New York State operator's license. *See* Compl. ¶ 27.

1

Plaintiffs seek monetary relief—in the form of damages, unpaid interest, and attorney fees—and injunctive relief directing Defendants to (1) cease overcharging and applying penalty points to bicycling violations, (2) modify the DMV website, and (3) modify the UT-60 traffic ticket.

On January 16, 2015, Defendants moved to dismiss the suit under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) based on sovereign immunity, lack of standing, mootness, qualified immunity, and failure to state a claim. For the reasons below, Defendants' motion is GRANTED.[2]

## DISCUSSION

### I. Plaintiffs' Section 1983 Claim against the State of New York

Defendants move to dismiss Plaintiffs' Section 1983 claim for monetary and injunctive relief under Rule 12(b)(1) based on, *inter alia*, New York's sovereign immunity.

The Eleventh Amendment to the Constitution provides that the judicial power of the United States does not extend "to any suit in law or equity" by a citizen against a state. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996) ("[W]e have reaffirmed that federal jurisdiction over suits against unconsenting States 'was not contemplated by the Constitution when establishing the judicial power of the United States.'" (quoting *Hans v. Louisiana*, 134 U.S. 1, 15 (1890))). There are only two exceptions to state sovereign immunity: "when Congress authorizes such a suit through enforcement of § 5 of the Fourteenth Amendment, and where a state consents to being sued." *McGinty v. New York*, 251 F.3d 84, 91 (2d Cir. 2001) (citing *College Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999)).

---

[2] Since Plaintiffs' Section 1983 claim is dismissed, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claim under N.Y. V.T.L. § 1809(4). *See* 28 U.S.C. § 1367(c)(3).

Neither exception is applicable here. Section 1983 does not abrogate state sovereign immunity, *see Edelman v. Jordan*, 415 U.S. 651, 677 (1974); nor has New York consented to being sued.

Accordingly, Plaintiffs' claim against the State of New York is barred by the Eleventh Amendment and Defendants' motion to dismiss is GRANTED.

## II. Plaintiffs' Section 1983 Claim against the Individual Defendants in their Official Capacity

Plaintiffs sue the individual Defendants in their capacity as state officials for both monetary and injunctive relief under Section 1983. Defendants move to dismiss the claim under Rule 12(b)(1) based on, *inter alia*, the individual Defendants' sovereign immunity. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("[The Eleventh Amendment's] bar remains in effect when State officials are sued for damages in their official capacity" (citing *Cory v. White*, 457 U.S. 85, 90 (1982))). The Court lacks jurisdiction over Plaintiffs' claim for monetary relief because "a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment," *Edelman v. Jordan*, 415 U.S. 651, 663 (1974) (citations omitted).

With respect to injunctive relief, however, the doctrine of *Ex parte Young*, 209 U.S. 123 (1908), allows a claim where the "complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997). Plaintiffs, however, fail to allege an ongoing violation of federal law. Indeed, their claim is moot. *See Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 726–27 (2013) ("A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982))).

3

Prior to bringing suit, Plaintiffs' counsel and a New York State Senator adopted the common sense approach of trying to resolve the problem. They contacted the DMV, pointed out the violations, and requested corrective action. Compl. ¶¶ 69–74. Defendants promptly initiated the actions requested, *see id.* at ¶ 75, and have since implemented the prospective relief sought in Plaintiffs' complaint. Defendants have (1) segregated bicycle summonses into a separate processing basket to "reduce the occurrence of data entry errors," Traschen Decl. ¶ 32; (2) reminded staff and agencies about the proper handling of bicycle violations, *id.* at ¶¶ 33–34; (3) modified the UT-60 ticket,[3] *id.* at ¶ 35, Ex. H (noting that the "Mandatory Surcharge" for bicycles is "$0"); and (4) modified the DMV website, *id.* at ¶ 37, Ex. J (adding the following language to the website: "If you plead **Guilty** to an offense committed while operating a bicycle or in-line skates you are **not** required to pay a surcharge. Convictions for bicycle/in-line skate offenses do **not** result in points on your driving record").

Having achieved success by using common sense, Plaintiffs abandon that approach and sue anyway. They argue that their claim is not moot for three reasons, none of which have merit. First, Plaintiffs argue that although Defendants refunded Plaintiffs the overcharged amounts and removed the points from the licenses, Plaintiffs still have a live claim for unpaid interest, consequential hikes to insurance premiums, and attorney fees. But as noted above, claims for monetary relief are plainly barred by the Eleventh Amendment.[4] Next, Plaintiffs argue that police agencies are slow to use the modified UT-60 form. *See* Grannan Decl. (noting that when he was issued a ticket on January 20, 2015, the officer provided him with the old version of the

---

[3] Since the new UT-60 tickets would be issued to police agencies as they replenished their stock, Defendants distributed a supplement to be issued by police in the interim. *See* Traschen Decl. ¶ 36, Ex. I.

[4] Since Plaintiffs were overcharged between $80 and $88 and were generally refunded within a number of months, the amount of interest at stake here is *de minimis* in any event.

4

UT-60 form). In so doing, Plaintiffs fail to allege that the individual Defendants continue to violate federal law since the police agencies are not named as defendants and since Defendants have sent both the modified UT-60 forms and supplements to police agencies along with a memorandum outlining the applicable charges for cyclists. Finally, Plaintiffs argue that they have yet to receive prospective relief in the form of a "written confirmation" of the DMV's error. But Plaintiffs impermissibly request this relief for the first time in their motion papers. *See* Fed. R. Civ. P. 8(a)(3) ("A pleading that states a claim for relief must contain . . . a demand for the relief sought"). Since Defendants have ceased overcharging cyclists and have implemented policies to prevent future overcharging, there is no reasonable probability that Defendants' conduct will recur. *See Byrd v. Goord*, No. 00 Civ. 2135(GBD), 2007 WL 2789505, at *2–3 (S.D.N.Y. Sept. 26, 2007). Plaintiffs, therefore, fail to allege an ongoing violation of federal law to justify prospective relief.

Accordingly, Plaintiffs' claim for monetary relief against the individual Defendants in their official capacity is barred by the Eleventh Amendment and Plaintiffs' fail to satisfy the requirements for injunctive relief under *Ex parte Young*. Therefore, Defendants' motion to dismiss is GRANTED.

### III. Plaintiffs' Section 1983 Claim against the Individual Defendants in their Personal Capacity

Plaintiffs sue the individual Defendants in their personal capacity under Section 1983, claiming that Defendants violated their due process rights under the Fourteenth Amendment. Defendants move to dismiss the claim under Rule 12(b)(6) based on, *inter alia*, the individual Defendants' qualified immunity. *See Vincent v. Yelich*, 718 F.3d 157, 167 (2d Cir. 2013) ("Where the nonexistence of a constitutional right may be discerned from the face of the

complaint, an official defendant sued in his individual capacity may be granted a dismissal on the ground of qualified immunity pursuant to Rule 12(b)(6)"); *see also Rivers v. Fischer*, 390 Fed. Appx. 22, 23 (2d Cir. 2010) ("A government official is entitled to qualified immunity for his actions unless his conduct violates a clearly established constitutional or statutory right of which a reasonable person would have known." (citing *Pearson v. Callahan*, 555 U.S. 223 (2009))).

Not only does Plaintiffs' complaint fail to outline a clearly established constitutional or statutory right to be free from overcharges and points on licenses, but it also fails to allege any violation of that right (if it exists at all) since the complaint alleges no facts demonstrating Defendants' intent to overcharge Plaintiffs. *See Gold v. Feinberg*, 101 F.3d 796, 800 (2d Cir. 1996) ("[M]ore than negligent conduct by the state actor is needed in order for a cognizable § 1983 claim to exist based on violations of the due process clause"). Accordingly, the individual Defendants in their personal capacity are entitled to qualified immunity and Defendants' motion to dismiss is GRANTED.

## CONCLUSION

Since Defendants are entitled to both sovereign immunity and qualified immunity, Defendants' motion to dismiss is GRANTED with prejudice.[5] The Clerk of Court is directed to enter judgment and close this case.

Dated: New York, New York  
April 30, 2015

SO ORDERED

*Paul A. Crotty*  
PAUL A. CROTTY  
United States District Judge

---

[5] In light of Defendants' immunity, the Court does not reach Defendants' additional arguments concerning justiciability under Article III and failure to state a claim under Rule 12(b)(6).